IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. _____

TEOFILO BAUTISTA,
JAIME BAUTISTA SALVADOR,
and AUDELIA BAUTISTA GASPAR,

                Plaintiffs,

      vs.

MALDONADO'S CONSTRUCTION LLC,
ARCO MURRAY NATIONAL CONSTRUCTION
COMPANY, LLC., GERSON MALDONADO and
JOHN DOES 1–10, individually,

                Defendants.

---

## COMPLAINT FOR UNPAID WAGES

---

Plaintiffs Teofilo Bautista ("Bautista"), Jaime Bautista Salvador ("Salvador") and Audelia Bautista Gaspar ("Gaspar") (collectively, "Plaintiffs"), by and through undersigned counsel, file this Complaint for Unpaid Wages against Defendants Maldonado's Construction LLC ("Maldonado's Construction"), Gerson Maldonado ("G. Maldonado"), Arco Murray National Construction Company, LLC. ("Arco"), and John Does 1–10 (collectively, "Defendants"), and allege as follows.

### I.      PRELIMINARY STATEMENT

1.      This is an action for unpaid wages and overtime compensation brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Montana wage and hour laws.

2.      Plaintiffs are drywall laborers who performed construction work on residential construction projects.

3.      Plaintiffs were not paid for all hours worked and, in addition, not paid overtime at time and one half their regular rate of pay.

4.      Plaintiffs are Colorado residents who were recruited in Colorado to perform drywall installation and finishing work on construction projects.

5.      At all relevant times, Defendant Arco Murray National Construction Company, LLC served as the general contractor on the Montana projects at issue, exercised control over project schedules, sequencing, safety requirements, and completion, and derived the direct benefit of Plaintiffs' labor.

6.      Plaintiffs' work was integral and indispensable to Defendants' construction projects.

7.      Defendants did not pay Plaintiffs on an hourly basis.

8.      Instead, Plaintiffs were paid on a piece-rate basis without any lawful system for tracking hours worked or calculating overtime.

9.      Plaintiffs regularly worked more than 40 hours per week but were not paid overtime compensation as required by the FLSA.

10.     Plaintiffs were not paid for the final months of their employment.

11.     To circumvent responsibility and liability, Defendants had "buffers" through shell subcontractors.

12.     Plaintiffs bring this action to recover unpaid wages, overtime compensation, and other relief provided by law.

## II.      JURISDICTION AND VENUE

13.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

14.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

15.    This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

16.    Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) because Plaintiffs reside in Colorado, were recruited in Colorado, and Defendants purposefully directed employment-related activities toward Colorado residents.

17.    Venue is proper because Defendant Arco is registered as a foreign limited liability company in Colorado, maintains a registered agent in Colorado, and conducts continuous and systematic business in this District.

18.    Although Plaintiffs performed their labor in Montana, Defendants' recruitment, coordination, and employment relationship with Plaintiffs originated in Colorado, making venue proper in this District.

### III.    PARTIES

19.    Plaintiffs are residents of the State of Colorado.

20.    Plaintiffs were employed by Defendants as drywall laborers.

21.    Defendant Maldonado's Construction LLC is an Indiana limited liability company with a principal place of business in Indianapolis, Indiana, and acted as an employer within the meaning of the Fair Labor Standards Act and applicable state wage laws.

22.    Defendant Gerson Maldonado is an individual who owns, manages, and controls Maldonado's Construction LLC (collectively the "Maldonado Defendants") and exercised operational and financial control over Plaintiffs' employment.

23.    Defendant Arco Murray National Construction Company, LLC is a Delaware limited liability company operating as a national general contractor and is registered to

do business in Colorado and Montana.

24.     Arco maintains a registered agent in Colorado and conducts business within this District.

25.     At all relevant times, Defendant Arco acted as an employer and joint employer of Plaintiffs within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

26.     Arco exercised direct and indirect control over Plaintiffs' work, schedules, and working conditions, and derived the direct benefit of Plaintiffs' labor.

27.     At all relevant times, Defendants jointly employed Plaintiffs within the meaning of the FLSA and applicable state law.

28.     Defendants John Does 1–10 are individuals whose identities are presently unknown but who exercised control over Plaintiffs' employment and will be substituted when identified.

## IV.    GENERAL ALLEGATIONS

29.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

30.     On or about October 2024, Plaintiffs were recruited and hired in Colorado to perform drywall labor on residential construction projects in Montana controlled by Defendant Arco.

31.     Defendant Arco conspires with the Maldonado Defendants to obtain employees for construction projects but unlawfully categorizes them as independent contractors.

32.     Plaintiffs were recruited by Franklin Carcamo ("Carcamo"), a labor worker who also performed work on the Arco projects.

33.     At all relevant times, Defendant Arco served as the general contractor on the

projects.

34.     Defendant Arco exercised control over the scope, sequencing, and completion of the work performed on the projects.

35.     Defendant Arco established and enforced job-site rules and procedures that Plaintiffs were required to follow, including safety and worksite requirements.

36.     Arco required Plaintiffs to complete safety training courses provided by Arco and conducted inspections to ensure compliance with Arco's rules and standards.

37.     Arco supervisors and superintendents were regularly present at the job sites where Plaintiffs worked.

38.     Instructions issued by Arco were communicated through subcontracting layers, including Maldonado and Carcamo, and Plaintiffs were required to comply.

39.     Plaintiffs' daily work activities were therefore controlled, directly and indirectly, by Arco through its supervisory personnel and subcontracting structure.

40.     Arco paid Plaintiffs through the "buffers" discussed herein.

41.     Defendant Maldonado's Construction acted as a subcontractor supplying drywall labor for the projects and operated under the direction and control of Arco.

42.     Plaintiffs' work included hanging drywall, taping, finishing, and preparing surfaces for completion. This work was physically demanding and integral to the completion of Defendants' construction projects.

43.     Plaintiffs did not operate independent drywall businesses, did not advertise services to the public, did not submit bids, and did not have the opportunity to realize profit or loss independent of Defendants' projects.

44.     Plaintiffs were informed by Franklin Carcamo only after work began that they would be treated as independent contractors.

45.     Plaintiffs were not required to obtain insurance.

46.     Plaintiffs were not required to submit W-9 forms.

47.     Plaintiffs were not responsible for paying lodging expenses.

48.     Plaintiffs were not responsible for paying material expenses.

49.     Defendants provided and paid for Plaintiffs' lodging near the job sites.

50.     Defendant Arco supplied the construction materials used on the projects.

51.     Initially, Plaintiffs were paid for their work through payments issued by Defendant Maldonado's Construction.  Checks are annexed as Exhibit 1.

52.     After Plaintiffs began working on the projects, Defendants required that work be invoiced through Franklin Carcamo or through an entity associated with him.

53.     Plaintiffs did not negotiate rates, did not control pricing, and did not have discretion over the terms of their work.

54.     Compensation rates and production expectations were set by Defendants.

55.     Plaintiffs were economically dependent on Defendants for continued work and pay.

56.     Plaintiffs worked under schedules, sequencing, and deadlines dictated by Defendants and their agents and had no authority to deviate from project requirements.

57.     Plaintiffs typically worked six days per week.

58.     On weekdays, Plaintiffs generally worked from approximately 7:00 a.m. until 6:00 p.m. but sometimes worked until 8:00 p.m.

59.     On weekends, Plaintiffs generally worked from approximately 8:00 a.m. until 5:00 p.m.

60.     Defendants did not require Plaintiffs to clock in or out and did not maintain accurate records of hours worked.

61.     Plaintiffs were paid on a piece-rate basis, calculated by the number of drywall sheets installed, rather than by the hour.

62.     Plaintiffs were never paid overtime compensation for hours worked in excess of 40 hours per workweek.

63.     On or about February 9, 2025, Defendants stopped paying Plaintiffs altogether.

64.     Plaintiffs performed approximately ten weeks of completely unpaid labor in Montana.

65.     After Defendants stopped paying Plaintiffs, Plaintiffs provided written notice demanding payment of unpaid wages.  See  Exhibit 2.

66.     Defendants, though, did not pay Plaintiffs.

67.     During the final months of employment, Plaintiffs worked on multiple residential construction projects owned by different entities, all of which were controlled by Arco as general contractor.

68.     During this period, Plaintiffs were informed by Franklin Carcamo that he had not received payment from Defendants for the work performed.

69.     One of the last confirmed project locations where Plaintiffs performed unpaid work was 421 W. Main Street, Bozeman, Montana 59715.

70.     Plaintiffs' labor was necessary to the completion of Arco's construction projects, and Arco derived direct benefit from Plaintiffs' work.

71.     Through their conduct, Defendants jointly employed Plaintiffs and exercised control over Plaintiffs' work, schedules, and pay.

72.     Defendants failed to pay Plaintiffs all wages and overtime compensation required by federal and applicable state law.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act
### (29 U.S.C. §§ 201 et seq.)

73.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

74.    At all relevant times, Defendants were "employers" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and Plaintiffs were "employees" within the meaning of 29 U.S.C. § 203(e).

75.    Defendants constituted an enterprise engaged in interstate commerce, with annual gross sales in excess of $500,000,

76.    Defendants jointly employed Plaintiffs within the meaning of the FLSA and exercised control over Plaintiffs' work, schedules, and compensation, either directly or indirectly.

77.    Plaintiffs regularly worked in excess of 40 hours per workweek.

78.    Defendants failed to pay Plaintiffs overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 in a workweek.

79.    Defendants also failed to pay Plaintiffs all wages due for hours worked, including failing to pay Plaintiffs any wages at all during the final months of their employment.

80.    Defendants failed to make, keep, and preserve accurate records of Plaintiffs' hours worked, in violation of 29 U.S.C. § 211(c).

81.    Defendants' violations of the FLSA were willful.

82.    As a result of Defendants' unlawful conduct, Plaintiffs have suffered damages, including unpaid wages and unpaid overtime compensation.

83.    Plaintiffs are entitled to recover unpaid wages, overtime compensation,

liquidated damages, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### Violation of Montana Wage and Hour Laws

84.    Plaintiffs reallege and incorporate by reference all preceding paragraphs.

85.    Plaintiffs performed all work giving rise to this claim in the State of Montana. Montana law applies because the wage violations occurred in Montana and Montana has the greatest interest in regulating wages for work performed within its borders.

86.    Plaintiffs bring this claim pursuant to Mont. Code Ann. §§ 39-3-204, 39-3-206, and 39-3-214.

87.    Defendants failed to pay Plaintiffs wages for work performed and failed to timely pay final wages upon cessation of employment, as required by Montana law.

88.    Defendants paid Plaintiffs zero wages for about 10 weeks of work performed.

89.    Defendants failed to cure the wage violations after receiving written demand for payment pursuant to Montana law.

90.    As a result, Plaintiffs are entitled to recover unpaid wages, statutory penalties, waiting-time penalties, interest, and reasonable attorneys' fees as provided by Montana law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants, jointly and severally, and that the Court award the following relief:

a.  That Plaintiffs be awarded all unpaid wages and overtime compensation due and owing under the Fair Labor Standards Act and applicable state law;

9

b.  That Plaintiffs be awarded liquidated damages pursuant to the Fair Labor Standards Act in an amount equal to the unpaid wages and overtime compensation owed, or, in the alternative, all statutory penalties and waiting-time penalties available under Montana law;

c.  That Plaintiffs be awarded pre-judgment and post-judgment interest as permitted by law;

d.  That Plaintiffs be awarded reasonable attorneys' fees and costs incurred in prosecuting this action, as provided by the Fair Labor Standards Act and Montana wage and hour statutes;

e.  That Defendants be declared to have violated the Fair Labor Standards Act and applicable state wage and hour laws;

f.  That Defendants be held jointly and severally liable for all damages awarded in this action;

g.  That Plaintiffs be granted such other and further relief as the Court deems just, proper, and equitable.

**THE LAW OFFICES OF JACOB ARONAUER**

By:    /s/ Jacob Aronauer
       Jacob Aronauer
       250 Broadway, Suite 600
       New York, New York 10007
       jaronauer@aronauerlaw.com
       (212) 323-6980

       *Attorney for Plaintiffs*

# EXHIBIT 1

Partida 1 de 1    <u>Muestre imagen completa</u>*    🖨 Imprima

| Partida número | Banco | N.º de cuenta | Cheque n.º | Monto |
|---|---|---|---|---|
| 1 | ███████ | | 3319 | ███████ |



Anterior    Volver    🔍 Acerque    Siguiente

* Para su seguridad, la información como los números de cuenta, firmas y la capacidad de ver el reverso de los cheques se ha eliminado de las imágenes.
Puede ver completa o parcialmente el frente y el dorso de las imágenes usando el enlace ubicado en la parte superior de la ventana.

☎ Equal Housing Lender

Partida 1 de 1    Muestre imagen parcial*    🖨 Imprima

| Partida número | Banco | N.º de cuenta | Cheque n.º | Monto |
|---|---|---|---|---|
| 1 | ▓▓▓▓ | ▓▓▓▓ | 3304 | ▓▓▓▓ |



Maldonado s Construction LLC
6422 Wynne st
Indianápolis, IN 46236
317-370-7526

Indiana Members Credit Unión

3304

04/11/2025

PAY TO THE ORDER OF  Teofilo Salvador Bautista    $ 40,000.00

Forty thousand    DOLLARS

MEMO  Bozeman Lumberyar    AUTHORIZED SIGNATURE

☐ CHECK BOX FOR MOBILE REMOTE DEPOSIT

Antenor    🔄 Voltee    🔍 Acerque    Siguiente

* Para su seguridad, la información como los números de cuenta, firmas y la capacidad de ver el reverso de los cheques se ha eliminado de las imágenes.
Puede ver completa o parcialmente el frente y el dorso de las imágenes usando el enlace ubicado en la parte superior de la ventana.

☎ Equal Housing Lender

Partida 1 de 1    Muestre imagen parcial*                                          🖨 Imprima

| Partida número | Banco | N.º de cuenta | Cheque n.º | Monto |
|---|---|---|---|---|
| 1 | ▮▮▮▮▮▮ | ▮▮▮▮▮ | 1370 | ▮▮▮▮▮ |



🔄 Voltee        🔍 Acerque

* Para su seguridad, la información como los números de cuenta, firmas y la capacidad de ver el reverso de los cheques se ha eliminado de las imágenes.

Puede ver completa o parcialmente el frente y el dorso de las imágenes usando el enlace ubicado en la parte superior de la ventana.

🏠 Equal Housing Lender

# EXHIBIT 2

**Brother's Drywall and Remodeling LLC**
3305 W Virginia St
Denver, CO 80219
720-586-1471
bautistateo28@gmail.com

**Date:** October 28, 2025

**To:** Maldonado's Construction, LLC
6422 Ware St
Indianapolis, IN, 46236

**Subject: Final Demand for Payment – Outstanding Balance for Drywall Work Completed**

Dear Gerson Maldonado,

This letter serves as a **final demand for payment** regarding the **drywall work** completed by **Brother's Drywall and Remodeling, LLC,** for your projects located in **Bozeman, Montana**, specifically the **Babcock, Bootes, Lumberyard, Wentworth and 5th & Main** sites. All drywall work for these projects was fully completed in **May 2025.**

Despite repeated requests and good faith efforts to resolve this matter, **payment for the completed work remains outstanding**. The drywall installation and finishing were performed according to your company's specifications and within the required timeframe. Our records, photographs, and communications clearly confirm that the work was completed to professional standards and in full compliance with your requests.

As of today, the total outstanding balance of **$31,907.00** remains unpaid. You are hereby given **ten (10) business days** from the date of this letter to remit full payment.

If payment is not received within this period, we will proceed immediately with all available legal remedies, including but not limited to:

- Filing **mechanic's liens** on each of the above-listed projects in **Bozeman, Montana,**

- Submitting formal complaints to the **Montana Contractor Registration Unit,** and

- Initiating **legal action** to recover the full balance owed, plus applicable **interest, legal fees, and collection costs**.

This serves as your **final notice** before legal escalation. We expect immediate payment to avoid further action.

Sincerely,
**Teofilo Bautista Salvador**
on behalf of **Brother's Drywall and Remodeling LLC**
Owner
bautistateo28@gmail.com | 720-586-1471

**Brother's Drywall and Remodeling LLC**
3305 W Virginia St
Denver, CO 80219
720-586-1471
bautistateo28@gmail.com

**Fecha:** 28 de Octubre, 2025

**Para:** Maldonado's Construction, LLC
6422 Ware St
Indianapolis, IN, 46236

**Asunto:** Último Aviso de Pago – Saldo Pendiente por Trabajos de Drywall Completados

Estimado Gerson Maldona:

Por medio de la presente, se le notifica formalmente que esta carta constituye una **demanda final de pago** por los **trabajos de drywall** realizados por **Brother's Drywall and Remodeling LLC** en sus proyectos ubicados en **Bozeman, Montana**, específicamente en los sitios **Babcock, Bootes, Lumberyard, Wentworth y 5th & Main**. Todos los trabajos fueron **completados en mayo de 2025**.

A pesar de múltiples solicitudes y esfuerzos de buena fe para resolver este asunto, **el pago por los trabajos completados sigue pendiente**. La instalación y terminación del drywall se realizaron conforme a las especificaciones de su empresa y dentro del plazo acordado. Contamos con registros, fotografías y comunicaciones que confirman que el trabajo fue ejecutado de manera profesional y conforme a lo solicitado.

A la fecha, el monto total pendiente asciende a **$31,907.00**. Se le concede un plazo de **diez (10) días hábiles** a partir de la fecha de esta carta para realizar el pago total.

En caso de no recibir el pago dentro de dicho plazo, procederemos de inmediato con todas las acciones legales disponibles, incluyendo, pero no limitándose a:

- Presentar **gravámenes (mechanic's liens)** sobre cada uno de los proyectos antes mencionados en **Bozeman, Montana**,

- Presentar **quejas formales ante la Unidad de Registro de Contratistas del Estado de Montana**, y

- Iniciar **acciones legales** para recuperar el monto adeudado junto con los **intereses, honorarios legales y costos de cobranza** aplicables.

Este documento constituye su **último aviso antes de proceder legalmente**. Esperamos el pago inmediato para evitar medidas adicionales.

Atentamente,

**Teofilo Bautista Salvador**
En representación de **Brother's Drywall and Remodeling LLC**
Propietario
bautistateo28@gmail.com | 720-586-1471

**Brother's Drywall and Remodeling LLC**
3305 W Virginia St
Denver, CO 80219
720-586-1471
bautistateo28@gmail.com

**Date:** October 28, 2025

**To:** Franclin Carcamo DBA AFB Drywall LLC
2215 S Norfolk St
Aurora, CO 80013

**Subject: Final Demand for Payment – Outstanding Balance for Drywall Work Completed**

Dear Franclin Carcamo,

This letter serves as a **final demand for payment** regarding the **drywall work** completed by **Brother's Drywall and Remodeling LLC,** for your projects located in **Bozeman, Montana**, specifically the **Babcock, Bootes, Lumberyard, Wentworth and 5th & Main** sites. All drywall work for these projects was fully completed in **May 2025**.

Despite repeated requests and good faith efforts to resolve this matter, **payment for the completed work remains outstanding**. The drywall installation and finishing were performed according to your company's specifications and within the required timeframe. Our records, photographs, and communications clearly confirm that the work was completed to professional standards and in full compliance with your requests.

As of today, the total outstanding balance of **$31,907.00** remains unpaid. You are hereby given **ten (10) business days** from the date of this letter to remit full payment.

If payment is not received within this period, we will proceed immediately with all available legal remedies, including but not limited to:

- Filing **mechanic's liens** on each of the above-listed projects in **Bozeman, Montana**,

- Submitting formal complaints to the **Montana Contractor Registration Unit**, and

- Initiating **legal action** to recover the full balance owed, plus applicable **interest, legal fees, and collection costs**.

This serves as your **final notice** before legal escalation. We expect immediate payment to avoid further action.

Sincerely,
**Teofilo Bautista Salvador**
on behalf of **Brother's Drywall and Remodeling LLC**
Owner
bautistateo28@gmail.com | 720-586-1471

**Brother's Drywall and Remodeling LLC**
3305 W Virginia St
Denver, CO 80219
720-586-1471
bautistateo28@gmail.com

**Fecha:** 28 de Octubre, 2025

**Para:** Franclin Carcamo DBA AFB Drywall LLC
2215 S Norfolk St
Aurora, CO 80013

**Asunto:** Último Aviso de Pago – Saldo Pendiente por Trabajos de Drywall Completados

Estimado Franclin Carcamo:

Por medio de la presente, se le notifica formalmente que esta carta constituye una **demanda final de pago** por los **trabajos de drywall** realizados por **Brother's Drywall and Remodeling LLC** en sus proyectos ubicados en **Bozeman, Montana**, específicamente en los sitios **Babcock, Bootes, Lumberyard, Wentworth y 5th & Main**. Todos los trabajos fueron **completados en mayo de 2025**.

A pesar de múltiples solicitudes y esfuerzos de buena fe para resolver este asunto, **el pago por los trabajos completados sigue pendiente**. La instalación y terminación del drywall se realizaron conforme a las especificaciones de su empresa y dentro del plazo acordado. Contamos con registros, fotografías y comunicaciones que confirman que el trabajo fue ejecutado de manera profesional y conforme a lo solicitado.

A la fecha, el monto total pendiente asciende a **$31,907.00**. Se le concede un plazo de **diez (10) días hábiles** a partir de la fecha de esta carta para realizar el pago total.

En caso de no recibir el pago dentro de dicho plazo, procederemos de inmediato con todas las acciones legales disponibles, incluyendo, pero no limitándose a:

- Presentar **gravámenes (mechanic's liens)** sobre cada uno de los proyectos antes mencionados en **Bozeman, Montana**,

- Presentar **quejas formales ante la Unidad de Registro de Contratistas del Estado de Montana**, y

- Iniciar **acciones legales** para recuperar el monto adeudado junto con los **intereses, honorarios legales y costos de cobranza** aplicables.

Este documento constituye su **último aviso antes de proceder legalmente**. Esperamos el pago inmediato para evitar medidas adicionales.

Atentamente,

**Teofilo Bautista Salvador**
En representación de **Brother's Drywall and Remodeling LLC**
Propietario
bautistateo28@gmail.com | 720-586-1471

**Brother's Drywall and Remodeling LLC**
3305 W Virginia St
Denver, CO 80219
720-586-1471
bautistateo28@gmail.com

**Date:** October 28, 2025

**To:** ARCO Construction
900 North Rock Hill Road
St Louis, MO 63119

**Subject: Final Demand for Payment – Outstanding Balance for Drywall Work Completed**

To Whom it May Concern,

This letter serves as a **final demand for payment** regarding the **drywall work** completed by **Brother's Drywall and Remodeling LLC,** for your projects located in **Bozeman, Montana**, specifically the **Babcock, Bootes, Lumberyard, Wentworth and 5th & Main** sites. All drywall work for these projects was fully completed in **May 2025**.

Despite repeated requests and good faith efforts to resolve this matter, **payment for the completed work remains outstanding**. The drywall installation and finishing were performed according to your company's specifications and within the required timeframe. Our records, photographs, and communications clearly confirm that the work was completed to professional standards and in full compliance with your requests.

As of today, the total outstanding balance of **$31,907.00** remains unpaid. You are hereby given **ten (10) business days** from the date of this letter to remit full payment.

If payment is not received within this period, we will proceed immediately with all available legal remedies, including but not limited to:

- Filing **mechanic's liens** on each of the above-listed projects in **Bozeman, Montana**,

- Submitting formal complaints to the **Montana Contractor Registration Unit**, and

- Initiating **legal action** to recover the full balance owed, plus applicable **interest, legal fees, and collection costs**.

This serves as your **final notice** before legal escalation. We expect immediate payment to avoid further action.

Sincerely,
**Teofilo Bautista Salvador**
on behalf of **Brother's Drywall and Remodeling LLC**
Owner
bautistateo28@gmail.com | 720-586-1471

**Brother's Drywall and Remodeling LLC**

3305 W Virginia St

Denver, CO 80219

720-586-1471

bautistateo28@gmail.com

**Fecha:** 28 de Octubre, 2025

**Para:** ARCO Construction

900 North Rock Hill Road

St Louis, MO 63119

**Asunto:** Último Aviso de Pago – Saldo Pendiente por Trabajos de Drywall Completados

A quien corresponda:

Por medio de la presente, se le notifica formalmente que esta carta constituye una **demanda final de pago** por los **trabajos de drywall** realizados por **Brother's Drywall and Remodeling LLC** en sus proyectos ubicados en **Bozeman, Montana**, específicamente en los sitios **Babcock, Bootes, Lumberyard, Wentworth y 5th & Main.** Todos los trabajos fueron **completados en mayo de 2025**.

A pesar de múltiples solicitudes y esfuerzos de buena fe para resolver este asunto, **el pago por los trabajos completados sigue pendiente.** La instalación y terminación del drywall se realizaron conforme a las especificaciones de su empresa y dentro del plazo acordado. Contamos con registros, fotografías y comunicaciones que confirman que el trabajo fue ejecutado de manera profesional y conforme a lo solicitado.

A la fecha, el monto total pendiente asciende a **$31,907.00**. Se le concede un plazo de **diez (10) días hábiles** a partir de la fecha de esta carta para realizar el pago total.

En caso de no recibir el pago dentro de dicho plazo, procederemos de inmediato con todas las acciones legales disponibles, incluyendo, pero no limitándose a:

- Presentar **gravámenes (mechanic's liens)** sobre cada uno de los proyectos antes mencionados en **Bozeman, Montana,**

- Presentar **quejas formales ante la Unidad de Registro de Contratistas del Estado de Montana**, y

- Iniciar **acciones legales** para recuperar el monto adeudado junto con los **intereses, honorarios legales y costos de cobranza** aplicables.

Este documento constituye su **último aviso antes de proceder legalmente**. Esperamos el pago inmediato para evitar medidas adicionales.

Atentamente,

**Teofilo Bautista Salvador**

En representación de **Brother's Drywall and Remodeling LLC**

Propietario

bautistateo28@gmail.com | 720-586-1471